UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                          **Hon. Hugh B. Scott**

                                                            12CR356A

GEORGE TORRES,                                              **Report**
                                                            **&**
                    Defendant.                              **Recommendation**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 3). The instant matter before the Court is so much of defendant's omnibus motion to suppress materials seized pursuant to a search warrant (Docket No. 8).

Defendant also moves to suppress his statements (id.); this Court held an evidentiary hearing on November 19, 2013 (Docket Nos. 24 (minutes), 25 (transcript)), on this motion and will render a separate Report & Recommendation on this motion. Finally, plaintiff sought discovery and other relief in this omnibus motion (Docket No. 8), which this Court addressed in the Order of September 10, 2013 (Docket No. 18); familiarity with which is presumed. Contrary to that Order (id. at 8-9), a suppression hearing was not held on the motion to suppress materials seized under the warrant. This Court has reviewed, in camera, the search warrant application proceedings held before the Hon. Amy Martoche, Buffalo City Court (both redacted and unredacted, see Docket No. 21) and this Court will consider this motion on the four corners of the warrant, see Aguilar v. Texas, 378 U.S. 108, 109 n.1 (1964); Illinois v. Gates, 462 U.S. 213,

238 (1983); United States v. Falso, 544 F.3d 110, 122 (2d Cir. 2008) (quoting United States v. Gourde, 440 F.3d 1065, 1067 (9th Cir. 2006) (en banc)).

The Government filed responding papers (Docket No. 10, Gov't Response) and oral argument was heard on May 14, 2013 (Docket Nos. 9, 11). The Government was ordered to obtain the search warrant application made to Judge Martoche for in camera inspection and defendant was to file an affidavit or declaration of the facts supporting his suppression motion (Docket No. 11; see also Docket No. 21). Defendant submitted his declaration in which defendant affirmed the assertions made by his counsel in his motion to suppress statements (Docket No. 12), and further argument was held on August 13, 2013, and this Court reserved decision on the motion (Docket No. 17) and issued the Order on the discovery relief sought in the omnibus motion (Docket No. 18).

**BACKGROUND**

Defendant was charged in Count 1 of the Indictment with possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); Count 2 charged defendant with maintaining a drug-involved premises at 55 Garner Avenue, Buffalo, New York, in violation of 21 U.S.C. § 856(a)(1); Count 3 charged defendant with possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1); and Count 4 charged defendant with possession of firearms and ammunition by an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Docket No. 2, Indict.; see also Docket No. 8, Def. Atty. Affirm. ¶ 2, Ex. A). The Indictment also made two forfeiture allegations, to seize $368,310 in United States currency and various firearms and ammunition (Docket No. 2, Indict.; see also Docket No. 8, Def. Atty. Affirm. Ex. A).

According to the Criminal Complaint (Docket No. 1; see Docket No. 8, Def. Atty. Affirm., Ex. B), on November 9, 2012, members of the Federal Bureau of Investigation Safe Streets Task Force met with a confidential informant who reported on narcotics and gang activity on the West Side of Buffalo (Docket No. 1, Compl., Aff. of James Kaska, ¶ 6). The confidential informant reported that a resident of 55 Garner Avenue was known to distribute heroin, observing on November 8, 2012, a heroin sale to an unknown third person (id.). On November 13, 2012, before law enforcement obtained the search warrant (see id. ¶ 8), the confidential informant positively identified the defendant as the person who conducted the November 8th drug sale at 55 Garner Avenue, and identified 55 Garner Avenue as the address where the informant observed defendant make the narcotics sale (id. ¶ 7). Later that day, members of the task force and Buffalo Police officers executed the search warrant and defendant was found at 55 Garner Avenue and was detained during the search (id. ¶ 9). During the search, officers seized a plastic bag containing brown-colored solid chunks, believed to be heroin, weighing about 280 grams; $5,130 in United States currency in one safe in a closet off the dining room; $351,120 in United States currency in a safe in the attic; six glassine envelopes containing brown, powdery substance also believed to be heroin; two digital scales with residue; a coffee grinder with residue and packaging material; another plastic bag containing about 10 grams of a brown, powdery substance, believed to be heroin; three firearms and ammunition (id. ¶ 10). The agent concludes that these items are paraphernalia used by drug traffickers (id. ¶ 14).

*Defendant's Motion to Suppress Seized Materials*

Defendant moves to suppress evidence seized during the execution of a search warrant (Docket No. 8, Def. Atty. Affirm, Ex. E) at 55 Garner Avenue, on November 13, 2012 (id., Def.

3

Atty. Affirm. ¶¶ 4-11). He asserts in this motion that he resided at 55 Garner Avenue (id. ¶ 4, Ex. C).

According to the search warrant application (id. ¶¶ 5-6, Ex. D), the information in support of issuance of that warrant was based upon a confidential informant who purchased heroin between November 3 through November 13, 2012. Defendant argues that there was no indication that the heroin purchased by the informant was ever turned over to law enforcement or even tested to confirm that it was heroin (id. ¶ 6). Defendant contends that the warrant application was unreliable and failed to establish probable cause to justify the search of 55 Garner Avenue (id. ¶¶ 10-11, 7-9 (constitutional standards)). In particular, defendant argues that the warrant application lacked information about the reliability of the confidential informant or a summarization of the interior of 55 Garner Avenue or the identities of occupants of those premises who could be the drug seller (id. ¶ 11).

Defendant moved for disclosure of the identity of the confidential informant (id. ¶¶ 13-16). The Government opposed disclosing the confidential informant's identity to defendant and requested that this Court conduct an in camera inspection of the testimony (also given in camera) by the confidential informant to Judge Martoche (Docket No. 10, Gov't Response at 2-4). This Court ordered in camera inspection (see Docket Nos. 11, 21) and this Court reviewed the search warrant in camera proceedings, first the redacted transcription of the proceedings and later the unredacted transcript. There, the informant testified that he talked with defendant at 55 Garner Avenue on November 8, five days before. The informant stated that the defendant talked about selling heroin. Then, the informant witnessed defendant sell heroin in this house. The informant also saw defendant carry a gun in his waistband and defendant told him that he had guns on each

floor of his house, to protect himself from home invasion. The informant had last been at 55 Garner Avenue five or six months before. The informant admitted that he used heroin, hence he stated that he could recognize that drug upon sight, but claimed that he did not purchase heroin from defendant. One of the agents testified that the informant proved his reliability in identifying another drug house in Lackawanna and that the informant had federal charges pending.

## DISCUSSION

I.      Search Warrant Standard

The Fourth Amendment to the United States Constitution provides that no search warrant "shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized," U.S. Const. amend. IV (Docket No. 8, Def. Motion ¶ 7); see also Fed. R. Cr. P. 41(d)(1); Arizona v. Evans, 514 U.S. 1, 10 (1995). The burden of establishing rights under the Fourth Amendment is upon the movant, see United States v. Pena, 961 F.2d 333, 336 (2d Cir. 1992). Probable cause is required for issuance of a search warrant, e.g., United States v. Salameh, 152 F.3d 88, 112-13 (2d Cir. 1998), with probable cause determined on the totality of circumstances, see Gates, supra, 462 U.S. at 238; United States v. Wagner, 989 F.2d 69, 71-72 (2d Cir. 1993). Any doubts as to the existence of probable cause is to be found in favor of upholding the warrant, Salameh, supra, 152 F.3d at 113; see United States v. Rosa, 11 F.3d 315, 326 (2d Cir. 1993).

For there to be probable cause, there must be "a fair probability that contraband or evidence of a crime will be found in a particular place," Gates, supra, 462 U.S. at 238. The reason this Court, in reviewing the probable cause determination, has to give deference to the

issuing judge, see id. at 236; Spinelli v. United States, 393 U.S. 410, 419 (1969), is that this Court does not conduct de novo review and the reviewing Court is to not "'interpret[] affidavit[s] in a hypertechnical, rather than a commonsense, manner,'" Gates, supra, 462 U.S. at 236 (quoting United States v. Ventresca, 380 U.S. 89, 109 (1965)). The duty of this Court as the reviewing Court under Gates "is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed," id. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). In reviewing the probable cause determination, this Court must give "considerable deference to the probable cause determination of the issuing magistrate," Walcyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007).

II.     Application

The search warrant application (Docket No. 8, Ex. D) refers to a reliable informant who testified in camera to Judge Martoche. In that proceeding, Judge Martoche found the informant to be reliable upon the statement of a sheriff's deputy of the prior use of that informant. From the totality of the circumstances and giving due deference to Judge Martoche as the issuing magistrate, there was probable cause for issuing the search warrant. As a result, defendant's motion (Docket No. 8) to suppress the evidence seized pursuant to the warrant should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that so much of defendant's omnibus motion (Docket No. 8) to suppress materials seized pursuant to a search warrant be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 26, 2013