UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

GEORGE TORRES,

           Defendant.

**ORDER**
12-CR-356-RJA

---

## ORDER TO REDUCE TERM
## OF IMPRISONMENT TO TIME SERVED

    Before the Court is a motion (Docket Number 64) filed by the Government and on behalf of the Director of the Federal Bureau of Prisons, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking a modification of the term of imprisonment of the defendant, George Torres, to time served and the immediate commencement of the 5-year term of supervised release previously imposed. The Court finds as follows:

    1.    On November 5, 2014, the defendant, George Torres, pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (possession with intent to distribute 100 grams or more of heroin), and 18 U.S.C. 924(c)(1)(A)(i) (possession of a firearm in furtherance of drug trafficking.

    2.    On February 24, 2015, defendant was sentenced to an aggregate term of 168 months' imprisonment, to be followed by 5 years of supervised release.

3.      Defendant is currently housed at FMC Butner, and his projected release date is January 6, 2025.¹

4.      According to the Government, defendant is suffering from hepatocellular carcinoma and is considered terminally ill, with a life expectancy of less than 18 months and an end-of-life trajectory.

5.      Title 18 U.S.C. § 3582(c)(1)(A)(i) authorizes the Court, upon motion of the Director of the Federal Bureau of Prisons, to modify a term of imprisonment upon the finding that extraordinary and compelling reasons warrant the reduction.

6.      Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).  In considering whether to grant a motion filed pursuant to this statute, "[d]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Tagliaferri*, No. 13-CR-115, 2019 U.S. Dist. LEXIS 205103, *8 (S.D.N.Y. Nov. 25, 2019).

7.      The Second Circuit has agreed with the majority position of "district courts across the country" that "the First Step Act freed district courts to exercise their discretion in determining what are extraordinary circumstances." *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  Indeed, "[t]he only statutory limit on what a

---

¹ *See Inmate Locator*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited Dec. 7, 2021); *see also* Docket Number 64, ¶ 3.

court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'"  *Id.* at 237-238 (emphasis in original), quoting 28 U.S.C. § 994(t).

8. The Director of the Federal Bureau of Prisons contends, and this Court agrees, that defendant's terminal medical condition and limited life expectancy constitute extraordinary and compelling reasons warranting the requested reduction.

9. Upon due consideration of the sentencing factors, the Court also finds that the § 3553(a) factors do not outweigh the extraordinary and compelling circumstances presented here, and that compassionate release would not "undermine the goals of the original sentence".  *United States v. Ebbers*, 432 F. Supp. 3d 421, 430-431 (S.D.N.Y. 2020).

It is hereby **ORDERED** that that, for the reasons stated herein and after consideration of the Government's motion and the factors in Title 18, United States Code, Section 3553(a), the Government's motion for modification of defendant's sentence is **GRANTED**; and it is further

**ORDERED** that defendant's term of imprisonment is hereby reduced to the time he has already served; and it is further

**ORDERED** that defendant shall be released in accordance with the release plan that has been approved by the United States Probation Office, to include defendant residing at an approved address in Buffalo, New York; and it is further

**ORDERED** that defendant shall be released from the custody of the Federal Bureau of Prisons as soon as his medical condition permits, the release plan is implemented, and travel arrangements can be made; and it is further **ORDERED** that when those conditions are met, the Bureau of Prisons is directed to immediately commence the process of releasing Defendant from custody, and the United States Attorney's Office and United States Probation Office are directed to take all steps to communicate and to facilitate that relief; and it is further

**ORDERED** that upon his release from the custody of the Federal Bureau of Prisons, the defendant shall begin serving the 5-year term of supervised release previously imposed, subject to all terms and all standard and special conditions stated in the original judgment and sentence in this case and set forth in the Judgment at Docket Number 60, including that defendant must report to the Probation Office for the Western District of New York within 72 hours of his release.

**IT IS SO ORDERED.**

    __s/Richard J. Arcara_____
    HONORABLE RICHARD J. ARCARA
    UNITED STATES DISTRICT COURT

Dated:   December 7, 2021
        Buffalo, New York